# EXHIBIT B



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/002,746 | 11/02/2001 | Amab Das | 14-18 | 3832 |

7590   10/02/2003

Docket Administrator (Room 3J-219)
Lucent Technologies Inc.
101 Crawfords Corner Road
Holmdel, NJ  07733-3030

| EXAMINER |
|---|
| NGUYEN, THUAN T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2685 | 4 |

DATE MAILED: 10/02/2003

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C  (Rev. 10/03)

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 10/002,746 | DAS ET AL. |
| | Examiner | Art Unit |
| | THUAN T. NGUYEN | 2685 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____ .
2a) ☐ This action is **FINAL**.      2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-15</u> is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1-15</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on <u>02 November 2001</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
11) ☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.
    If approved, corrected drawings are required in reply to this Office action.
12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All  b)☐ Some *  c)☐ None of:
      1.☐ Certified copies of the priority documents have been received.
      2.☐ Certified copies of the priority documents have been received in Application No. _____ .
      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.
14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    a) ☐ The translation of the foreign language provisional application has been received.
15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) <u>3</u> .
4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other:

Application/Control Number: 10/002,746                                                                 Page 2
Art Unit: 2685

## DETAILED ACTION

### *Claim Rejections - 35 USC § 102*

1.    The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> *A person shall be entitled to a patent unless --*
>
> *(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.*

2.    Claims 1-15 are rejected under 35 U.S.C. 102(b) as being anticipated by Chen (U.S. Patent No. 6,067,458).

    Regarding claim 1, Chen discloses a method for transmitting channel quality information in a wireless communication system with at least a base station and at least a mobile station (Fig. 2), the method comprising varying a rate for reporting channel quality information from a mobile station to a base station as a function of the presence or absence of a reception of a transmission at the mobile station (see col. 6/lines 10-48 for varying rate information exchange between mobile station and base station, in idle time or absence of a reception of a transmission at the mobile station, rate is communicated at the eighth rate, and higher rate is used when voice or data communicating between these two components; and col. 13/lines 48-65 as mobile station communicates to base station & col. 14/lines 32-42 for channel quality monitoring and control).

Application/Control Number: 10/002,746 Page 3
Art Unit: 2685

As for claims 2 and 3, in view of claim 1, Chen discloses the mobile station reports channel quality information at an idle rate (or the eighth rate) and either at a first rate set and a second rate set in the absence and in the presence of a transmission from the base station, respectively, and upon the detection of the absence and presence of the transmission from the base station (col. 6/lines 18-48 as discussed above in claim 1).

As for claim 4, in view of claim 1, Chen discloses a plurality of rates over a prescribed time period after the detection of reception of a transmission, particularly, ranging from a first rate set for transmitting speech data up to a second rate set of 64 kbps for exchanging voice and other data (col. 6/lines 29-48 & col. 13/lines 48-51).

As for claim 5, in view of claim 4, Chen discloses a plurality of rates can be transmitted on a reverse link from the mobile station to the base station in a plurality of time intervals (Figs. 1A- F shows an example within one time interval of 20ms, and col. 2/line 53 to col. 3/line 3).

As for claim 6, in view of claim 2, Chen further discloses that the second rate is faster than the first rate, i.e., the second rate either at the first rate set or at the second rate set is faster than the first rate at idle time (or at the eighth rate, see col. 6/lines 18-48).

As for claim 7, in view of claim 6, Chen further discloses that the base station determines the channel quality collected from the mobile station for

deriving a transmission format for a next transmission (col. 13/line 55 to col. 14/line 20).

As for claim 8, in further view of claim 7, Chen further includes within the transmission format one or more parameters selected from the group consisting of modulation format, number of codes, and transmission rate (col. 12/line 22 to col. 13/line 40).

As for claim 9, in view of claim 6, Chen further addresses the calculation an amount of redundancy needed for a retransmission of a previous transmission by using a routine 300 in recalculating the necessary step whether to use the previous transmission or not (Fig. 7, and col. 11/lines 40-63 & col. 13/lines 20-33 for recalled or previously stored power transmission control setting).

As for claim 10, in view of claim 1, Chen further discloses wherein the channel quality information comprises a transmission rate calculated by the mobile station based on one or more channel conditions (col. 12/line 63 to col. 13/line 47 for more additional conditions can be collected by the base stations).

As for claims 11-15, these claims for same limitations are rejected for the reasons given in the scope of claims 1-10 as already disclosed above.

Application/Control Number: 10/002,746 Page 5
Art Unit: 2685

### *Conclusion*

3.  The prior art made of record and not relied upon is considered pertinent to applicant's disclosure:

Chen (US Patent 6,330,462 B1) disclose a related system to Chen '458.

Bhaskar et al. (US Patent 6,154,499) disclose a communications system using nested coder and compatible channel coding.

Wijk et al. (US Patent 5,995,836) disclose method and system for variable handoff in a radio communication system.

Parkvall et al (US PUB no. 2002/0080719 A1) disclose scheduling transmission of data over a transmission channel based on signal quality of a receive channel.

4.  **Any response to this action should be mailed to:**

Commissioner of Patents and Trademarks

Washington, D.C. 20231

**or faxed to:**

**(703) 872-9314, (for Technology Center 2600 only)**

*Hand-delivered responses should be brought to Crystal Park II,*

*2121 Crystal Drive, Arlington. VA., Sixth Floor (Receptionist).*

Case 6:20-cv-00953-ADA   Document 31-3   Filed 08/24/21   Page 8 of 8

Application/Control Number: 10/002,746                                              Page 6
Art Unit: 2685

5. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Tony Thuan Nguyen whose telephone number is (703) 308-5860. The examiner can normally be reached on Monday-Friday from 9:30 AM to 7:00 PM, with alternate Fridays off.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Edward Urban, can be reached at (703) 305-4385.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the **Technology Center 2600 Customer Service Office** whose telephone number is **(703) 306-0377**.

*[signature]*

TONY T. NGUYEN
PATENT EXAMINER

Tony T. Nguyen
Art Unit 2685
September 17, 2003