**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | **CIVIL ACTION 6:20-cv-00952-ADA** |
| **DEVELOPMENT,** | § | **CIVIL ACTION 6:20-cv-00953-ADA** |
| *Plaintiff,* | § | **CIVIL ACTION 6:20-cv-00956-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00957-ADA** |
| **v.** | § | **CIVIL ACTION 6:20-cv-00958-ADA** |
| | § | |
| **ONEPLUS TECHNOLOGY** | § | |
| **(SHENZHEN) CO., LTD.,** | § | |
| *Defendant.* | § | |

## ORDER GOVERNING PROCEEDINGS — PATENT CASE

This Order shall govern proceedings in this case.  The following deadlines are hereby set:

1. This case is SET for a Rule 16 Case Management Conference in accordance with the Court's Standing Order Regarding Notice of Readiness in Patent Cases.

2. May 18, 2021.  Plaintiff shall serve preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found.  Plaintiff shall also identify the priority date *(i.e.* the earliest date of invention) for each asserted claim and produce:  (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.

3. May 25, 2021.  The Parties shall submit an agreed Scheduling Order.  If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other joint filings.

4. July 13, 2021.  Defendant shall serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2)

technical documents, including software where applicable, sufficient to show the operation of the accused product(s).[1]

## **DISCOVERY**

Except with regard to venue, jurisdictional, and claim construction-related discovery, all other discovery is stayed until after the *Markman* hearing.  Notwithstanding this general stay of discovery, the Court will permit limited discovery by agreement of the parties, or upon request, where exceptional circumstances warrant.  For example, if discovery outside the United States is contemplated, the Court will be inclined to allow such discovery to commence before the *Markman* hearing.

Following the *Markman* hearing, the following discovery limits will apply to these cases.[2]  The Court will consider reasonable requests to adjust these limits should circumstances warrant.

1. Interrogatories:
   a. 15 common interrogatories for all case groups per side and 20 additional interrogatories per side per case group.[3]

2. Requests for Admission:
   a. 80 Requests for Admission per side.  Authentication-type interrogatories shall not be counted against this limit.

3. Requests for Production:
   a. 20 common Requests for Production for all case groups per side and 50 additional Requests for Production per side per case group.

4. Fact Depositions: 100 hours per side total for all case groups (for both party and non-party witnesses)
   a. For depositions where an interpreter is required, the time allotment available under this order is increased by 50% to account for the translation time (*e.g.*, a 7-hour deposition is increased to 10.5 hours if using an interpreter).  Additionally,

---

[1] To the extent it may promote early resolution, the Court encourages the parties to exchange license and sales information, but any such exchange is optional during the pre-Markman phase of the case.

[2] For purposes of discovery and claim construction the cases are grouped as the -952, -953, and -956 cases (Group One) and the -957, and -958 cases (Group Two).

[3] A "side" shall mean the plaintiff (or related plaintiffs suing together) on the one hand, and the defendant (or related defendants sued together) on the other hand. In the event that the Court consolidates related cases for pretrial purposes, with regard to calculating limits imposed by this Order, a "side" shall be interpreted as if the cases were proceeding individually. For example, in consolidated cases the plaintiff may serve up to 30 interrogatories on each defendant, and each defendant may serve up to 30 interrogatories on the plaintiff.

the defending party may provide a check interpreter at the defending party's cost. Each side reserves the right to oppose and move for a protective order against any deposition it views as unduly burdensome.

5. Expert Depositions: 7 hours per report[4]

**Electronically Stored Information.**  As a preliminary matter, the Court will not require general search and production of email or other electronically stored information (ESI), absent a showing of good cause.  If a party believes targeted email/ESI discovery is necessary, it shall propose a procedure identifying custodians and search terms it believes the opposing party should search.  The opposing party can oppose, or propose an alternate plan.  If the parties cannot agree, they shall contact chambers to schedule a call with the Court to discuss their respective positions.

## DISCOVERY DISPUTES

A party may not file a Motion to Compel discovery unless:  (1) lead counsel have met and conferred in good faith to try to resolve the dispute, and (2) the party has contacted the Court's law clerk (with opposing counsel) to arrange a telephone conference with the Court to summarize the dispute and the parties respective positions.  After the parties have met and conferred, they should submit a chart that summarizes the issue(s) in dispute along with the parties' respective positions and specific relief requested.  After hearing from the parties, the Court will determine if further briefing is required.  The prevailing party in all discovery hearings shall submit a proposed order to the Court that briefly summarizes the nature of the dispute along with the parties' understanding of the Court's ruling per the Court's Standing Order on Discovery Hearings.

## PROTECTIVE ORDER

Pending entry of the final Protective Order, the Court issues the following interim Protective Order to govern the disclosure of confidential information in this matter:

> If any document or information produced in this matter is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential — Outside Attorneys Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).

---

[4] For example, if a single technical expert submits reports on both infringement and invalidity, he or she may be deposed for up to 14 hours in total.  If the expert opines in numerous cases, then his or her deposition will be limited to 7 hours per report for the first case, and an additional 5 hours for each additional case in which he or she provides a report.  For clarity, if a single technical expert submits reports on both infringement and invalidity, he or she may be deposed for an additional 10 hours for each additional case in which he or she provides such reports.

If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party 5 days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure.  The person(s) to whom disclosure of a confidential document or information is made under this local rule shall keep it confidential and use it only for purposes of litigating the case.

## CLAIM CONSTRUCTION ISSUES

**Terms for Construction.**  Based on the Court's experience, the Court believes that it should have presumed limits on the number of claim terms to be construed.  The "presumed limit" is the maximum number of terms that each side may request the Court to construe without further leave of Court.  If the Court grants leave for the additional terms to be construed, depending on the complexity and number of terms, the Court may split the *Markman* hearing into multiple hearings.

The presumed limits based on the number of patents-in-suit are as follows:

### Limits for Number of Claim Terms to be Construed

| 1-2 Patents | 3-5 Patents | More than 5 Patents |
|---|---|---|
| 8 terms | 10 terms | 12 terms |

When the parties submit their joint claim construction statement, in addition to the term and the parties' proposed constructions, the parties should indicate which party or side proposed that term, or if that was a joint proposal.

**Claim Construction Briefing.** The Court will require non-simultaneous claim construction briefing with the following default page limits; however, where exceptional circumstances warrant, the Court will consider reasonable requests to adjust these limits.[5]  These page limits shall also apply collectively for coordinated and consolidated cases; however, the Court will consider reasonable requests to adjust page limits in consolidated cases where circumstances warrant.  In addition, the Court is very familiar with the law of claim construction and encourages the parties to forego lengthy recitations of the underlying legal authorities and instead focus on the substantive issues unique to each case.

Unless otherwise agreed to by the parties, the default order of terms in the parties' briefs shall be based on 1) the patent number (lowest to highest), the claim number (lowest to highest), and order of appearance within the lowest number patent and claim. An example order may be as follows:

1.   10,000,000 Patent, Claim 1, Term 1

---

[5] This OGP version shall apply retroactively to the Markman briefing in patent cases that are, as of the date of this order, at least thirty (30) days before the filing of the opening Markman brief.

2. 10,000,000 Patent, Claim 1, Term 2 (where Term 2 appears later in the claim than does Term 1)
3. 10,000,000 Patent, Claim 2, Term 3 (where Term 3 appears later in the claim than does Terms 2 and 3)
4. 10,000,001 Patent, Claim 1, Term 4
5. 10,000,001 Patent, Claim 3, Term 5
6. 10,000,002 Patent, Claim 2, Term 6

To the extent that the same or similar terms appear in multiple claims, those same or similar terms should be ordered according to the lowest patent number, lowest claim number, and order of appearance within the patent and claim.

**Page Limits for *Markman* Briefs**

| Brief | 1-2 Patents | 3-5 Patents | More than 5 Patents |
|---|---|---|---|
| Opening (Defendant) | 20 pages | 30 pages | 30 pages, plus 5 additional pages for each patent over 5 up to a maximum of 45 pages |
| Response (Plaintiff) | 20 pages | 30 pages | 30 pages, plus 5 additional pages for each patent over 5 up to a maximum of 45 pages |
| Reply (Defendant) | 10 pages | 15 pages | 15 pages, plus 2 additional pages for each patent over 5 up to a maximum of 21 pages |
| Sur-Reply (Plaintiff) | 10 pages | 15 pages | 15 pages, plus 2 additional pages for each patent over 5 up to a maximum of 21 pages |

**Technology Tutorials and Conduct of the *Markman* Hearing**

Technology tutorials are optional, especially in cases where a technical advisor has been appointed.  If the parties choose to submit one, the tutorial should be in electronic form, with voiceovers, and submitted at least 10 days before the Markman hearing.  In general, tutorials should be:  (1) directed to the underlying technology (rather than argument related to infringement or validity), and (2) limited to 15 minutes per side.  The tutorial will not be part of the record and the Parties may not rely on or cite to the tutorial in other aspects of the litigation.  The Court generally sets aside one half day for the Markman hearing; however, the Court is open to reserving more or less time, depending on the complexity of the case and input from the parties.  As a general rule, the party opposing the Court's preliminary construction shall go first.

If both parties are unwilling to accept the Court's preliminary construction, the Plaintiff shall typically go first.

## GENERAL ISSUES

1. The Court will entertain reasonable requests to streamline the case schedule and discovery and encourages the parties to contact the Court's law clerk (with opposing counsel) to arrange a call with the Court when such interaction might help streamline the case.

2. To the extent the parties need to email the Court, the parties should use the following email address: TXWDm1 LawClerks JudgeAlbright@txwd.uscourts.gov.

3. The Court is generally willing to extend the response to the Complaint up to 45 days if agreed by the parties.  However, longer extensions are disfavored and will require good cause.

4. Speaking objections during depositions are improper.  Objections during depositions shall be stated concisely and in a nonargumentative and nonsuggestive manner.  Examples of permissible objections include: "Objection, leading," "Objection, compound," "Objection, vague."  Other than to evaluate privilege issues, counsel should not confer with a witness while a question is pending.  Counsel may confer with witnesses during breaks in a deposition without waiving any otherwise applicable privilege.

5. Plaintiff must file a notice informing the Court when an IPR is filed, the expected time for an institution decision, and the expected time for a final written decision, within two weeks of the filing of the IPR.

6. With regard to any Motion to Transfer, the following page limits and briefing schedule shall apply:

   a. Opening — 15 pages
   b. Response — 15 pages, due 14 days after the Opening brief
   c. Reply — 5 pages, due 7 days after the Response brief

7. After the trial date is set, the Court will not move the trial date except in extreme situations.  To the extent a party believes that the circumstances warrant continuing the trial date, the parties are directed to contact the Court to request a telephonic hearing.

8. The Court does not have a limit on the number of motions for summary judgment (MSJs); however, absent leave of Court, the cumulative page limit for Opening Briefs for all MSJs is 40 pages per side.

9. There may be instances where the submission of substantive briefs via audio file will be of help to the Court.  If a party is contemplating submitting a brief via audio file it should contact the Court for guidance on whether it would be helpful to the Court.  However, the Court has determined that audio recordings of *Markman* briefs are of limited value and those

need not be submitted.  The recordings shall be made in a neutral fashion, shall be verbatim transcriptions without additional colloquy (except that citations and legal authority sections need not be included), and each such file shall be served on opposing counsel.  The Court does not have a preference for the manner of recording and has found automated software recordings, as well as attorney recordings, to be more than satisfactory.  Audio files shall be submitted via USB drive, Box (not another cloud storage)[6], or email to the law clerk (with a cc to opposing counsel) and should be submitted in mp3 format.

10. For Markman briefs,[7] summary judgment motions, and *Daubert* motions, each party shall deliver to Chambers one (1) paper copy of its Opening, Response, and Reply briefs, omitting attachments, at least 10 days before the hearing.  Each party shall also provide an electronic copy of the briefs, exhibits, and the optional technology tutorial via cloud storage[8] or USB drive.  For *Markman* briefs, the parties should also include a (1) paper copy of all patents-in-suit and the Joint Claim Construction Statement.  To the extent the Court appoints a technical adviser, each party shall deliver the same to the technical adviser, also 10 days before the hearing.

11. Unless the Court indicates otherwise, the following Zoom information shall be used for all non-private hearings. The public is allowed to attend non-private hearings.

    https://txwd-uscourts.zoomgov.com/j/16057076711?pwd=WHljN0h3YkO3K3JLUTZ2aOtTMitPZzO9

    Meeting ID: 160 5707 6711
    Password: 873559
    One tap mobile: +16692545252,,16057076711#,,1#,873559#

12. **Service.**  The parties agree to electronic service of all correspondence, documents filed under seal, written discovery requests, and responses to written discovery requests (unless the volume of electronic information makes such delivery impractical).  Documents are timely served by e-mail where the e-mail is sent by 11:59 p.m. Central Time on the date due.  Documents emailed after 8:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating a response date to the document served.  Parties may serve all documents by e-mail by sending the documents to the email address for all counsel of record in this case, or to an email address designated in writing for service by a party's outside counsel.

---

[6] The parties should contact the law clerk to request a Box link so that the party can directly upload the files to the Court's Box account.

[7] But if the Court appoints a technical adviser for claim construction, the parties do not need to provide a copy of the Markman briefs to the Court.

[8] The parties should contact the law clerk to request a Box link so that the party can directly upload the files to the Court's Box account.  The filenames for any exhibits should be a description of the exhibit, e.g., "U.S. Patent No. 10,000,000" or "Prosecution history for 10,000,000 (January 20, 2020, Office Action)."

**SIGNED** this 1st day of October, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE