IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU Investments LLC *doing business as* Brazos Licensing and Development, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:20-cv-00953-ADA |
| Oneplus Technology (Shenzhen) Co., Ltd., | § § § | Jury Trial Demanded |
| Defendant. | § | |

**<u>DEFENDANT'S FIRST AMENDED ANSWER TO COMPLAINT AND
COUNTERCLAIMS</u>**

Subject to and reserving all rights, including rights to appeal, associated with its objections to service of process and personal jurisdiction, Defendant OnePlus Technology (Shenzhen) Co. Ltd. ("OnePlus" or "Defendant"), files this First Amended Answer and Counterclaims in response to the Complaint for Patent Infringement (the "Complaint") of Plaintiff WSOU Investments, LLC, d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff") as follows:

## Parties

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2. Defendant admits that OnePlus Technology (Shenzhen) Co., Ltd. is a corporation organized and existing under the laws of China that maintains an established place of business at 18F, Tairan Building, Block C, Tairan 8th Road, Chegongmiao, Futian District Shenzhen, Guangdong, 518040, China. Defendant denies the remaining allegations in Paragraph 2 of the complaint.

## Jurisdiction

3. Defendant admits that WSOU purports to state a claim for patent infringement. Defendant denies any liability arising out of WSOU's claim.

4. Defendant admits that this court has subject matter jurisdiction in this matter. Defendant denies any liability arising out of WSOU's claim.

5. Denied.

## Venue

6. Denied.

### Patent-in-Suit

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint and therefore denies them.

### The '614 Patent

8. Defendant admits that the first page of U.S. Patent No. 8,767,614 appears to identify its date of issuance as 07/01/2014, its date of filing as 12/17/2009, and its title as "Reporting buffering information." Defendant admits what appears to be a copy of the '614 patent is attached to the Complaint as Exhibit 1. Defendant denies the remaining allegations of Paragraph 8 of the Complaint.

9. Denied.

### Count 1: Alleged Infringement of the '614 Patent

10. Defendant incorporates by reference its responses contained in the paragraphs above as if fully set forth herein.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Defendant admits that Exhibit 2 includes charts. Defendant denies the remaining allegations of Paragraph 17 of the Complaint.

18. Paragraph 18 appears to contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that WSOU purports to incorporate by

reference the claim charts of Exhibit 2. Defendant denies that these charts accurately describe any of Defendant's products. Defendant denies that any of Defendant's products practice the technology claimed by the '614 patent. Defendant denies that any of Defendant's products satisfy all elements of any claim of the '614 patent. Defendant denies any remaining allegations of Paragraph 18 to the Complaint.

19.   Paragraph 19 appears to contain legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations of Paragraph 19.

### Jury Demand

20.   Paragraph 20 appears to contain legal assertion to which no answer is required. To the extent an answer is required, pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury as to all issues so triable. Defendant denies any remaining allegations of Paragraph 20 to the Complaint.

### Answer to Prayer For Relief

WSOU is not entitled to any of the relief sought in its Prayer for Relief, nor is it entitled to any other relief against Defendant.

### DEFENSES

Defendant asserts the following defenses against WSOU's assertions of infringement. In doing so, Defendant does not assume the burden of proof with respect to those defenses that rightfully should be placed on WSOU. Defendant reserves the right to amend its answer and defenses as additional information becomes known through discovery.

### FIRST DEFENSE

### (Failure to State a Claim)

WSOU's Complaint fails to state a claim upon which relief can be granted. *See, e.g.,* Fed.

R. Civ. Proc. 12(b)(6).

## SECOND DEFENSE

### (Insufficient Service of Process)

WSOU has not effected service sufficient to commence the pending action. *See, e.g.,* Fed. R. Civ. Proc. 12(b)(5).

## THIRD DEFENSE

### (Lack of Personal Jurisdiction)

This court lacks personal jurisdiction over Defendant. *See, e.g.,* Fed. R. Civ. Proc. 12(b)(2).

## FOURTH DEFENSE

### (Patent Non-Infringement)

Defendant has not infringed and is not infringing, directly or indirectly, any valid and enforceable claim of the '614 patent.

## FIFTH DEFENSE

### (Patent Invalidity)

One or more claims of the '614 patent are invalid for failure to meet the conditions for patentability of 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103 and/or 112.

## SIXTH DEFENSE

### (Patent Marking and Other Limitations on Damages)

WSOU's claims for damages, if any, against Defendant, are subject to the limitations on damages and recovery of costs imposed by 35 U.S.C. §§ 286, 287.

## SEVENTH DEFENSE

## (Estoppel)

WSOU's claims are barred by the doctrine of estoppel based on the inconsistent positions patent owner has taken by the patent owner before and during litigation.

## EIGHTH DEFENSE

## (Equity)

WSOU's claims are barred in whole or in part under additional principles of equity, including but not limited to unclean hands.

## NINTH DEFENSE

## (Prosecution History Estoppel)

WSOU's claims are barred in whole or in part under the doctrine of prosecution history estoppel.

## TENTH DEFENSE

## (Non-Compliance with Standard Setting Organization Undertakings and Obligations)

WSOU's claims for relief are limited and/or barred, in whole or in part, to the extent it or any predecessor-in-interest to the '614 patent undertook an obligation to a standards-setting organization, and to the extent that WSOU or any predecessor-in-interest to the '614 patent breached a commitment to offer a license to the '614 patent on fair, reasonable and non-discriminatory ("FRAND") and/or reasonable and non-discriminatory ("RAND") terms, breached any disclosure requirements, and/or based on other circumstances.

## ELEVENTH DEFENSE

## (Limitation on Damages)

WSOU's claims for monetary relief are limited to the extent it or any predecessor-in-

interest to the '614 patent undertook an obligation to license the Patent-in-Suit on FRAND or RAND terms.

### TWELFTH DEFENSE

### (Express/Implied License)

WSOU's claims are barred, in whole or in part, by express license agreements and/or under the doctrine of implied license.

### THIRTEENTH DEFENSE

### (Ensnarement)

WSOU cannot assert any claims for patent infringement under the doctrine of equivalents because such an asserted scope of equivalency would encompass or ensnare the prior art.

### FOURTEENTH DEFENSE

### (Failure to Join a Party)

The Complaint fails to join a party under Fed. R. Civ. Pro. Rule 19.

### FIFTEENTH DEFENSE

### (No Injunctive Relief)

WSOU is not entitled to any injunctive relief because any alleged injury to WSOU is neither immediate nor irreparable, and WSOU has adequate remedies at law.

### SIXTEENTH DEFENSE

### (Statutory Standing)

WSOU's claims are barred, in whole or in part, because it has not joined all co-owners of the '614 patent or other similarly situated parties and is not entitled to any injunctive relief because any alleged injury to WSOU is neither immediate nor irreparable, and WSOU has adequate remedies at law.

## SEVENTEENTH DEFENSE

### (Patent Exhaustion)

WSOU's claims are barred, in whole or in part, under the doctrine of patent exhaustion.

## OTHER DEFENSES

Defendant reserves the right to amend its Answer and Counterclaims to assert further defenses based on future discovery in the lawsuit.

## COUNTERCLAIMS

1. Subject to its defenses of lack of personal jurisdiction and insufficient service of process, OnePlus alleges as follows and hereby demands a jury trial on all issues so triable.

## PARTIES

2. OnePlus is a corporation organized and existing under the laws of China with its principal place of business in Shenzhen, China.

3. On information and belief, WSOU is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over OnePlus's Counterclaims under 28 U.S.C. §§ 1331 and 1338(a) and 28 U.S.C. §§ 2201 *et seq.*

5. This Court has personal jurisdiction over WSOU by virtue of WSOU's filing of its Complaint.

6. Venue is proper in this district for OnePlus's Counterclaims because WSOU has consented to the propriety of venue in this Court by filing its claims for patent infringement in this Court.

## COUNT ONE

### (Declaratory Judgment of Non-Infringement of the '614 Patent)

7. OnePlus incorporates by reference and re-alleges Paragraphs 1-6 of its Counterclaims, as if fully set forth herein.

8. By its Complaint, WSOU alleges that OnePlus has infringed and is infringing the '614 patent, and that as the owner of the '614 patent, WSOU is entitled to relief for OnePlus's alleged infringement. OnePlus has not and does not infringe the '614 patent or any valid and enforceable claim thereof. A justiciable controversy exists between WSOU and OnePlus as to OnePlus's alleged infringement of the '614 patent.

9. By this Counterclaim, OnePlus seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it has not infringed and does not infringe the '614 patent or any valid and enforceable claim thereof.

10. A judicial declaration is necessary and appropriate at this time in order that OnePlus may ascertain its rights with respect to the '614 patent.

## COUNT TWO

### (Declaratory Judgment of Invalidity of the '614 Patent)

11. OnePlus incorporates by reference and re-alleges Paragraphs 1-10 of its Counterclaims, as if fully set forth herein.

12. By its Complaint, WSOU alleges that OnePlus has infringed and is infringing the '614 patent, that the claims of the '614 patent are valid and enforceable, and that as the owner of the '614 patent, WSOU is entitled to relief for OnePlus's alleged infringement. The '614 patent is invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112. A justiciable controversy exists between WSOU and OnePlus as to the invalidity of the '614 patent.

13. By this Counterclaim, OnePlus seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the '614 patent is invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

14. A judicial declaration is necessary and appropriate at this time in order that OnePlus may ascertain its rights with respect to the '614 patent.

**COUNT THREE**

**(Declaratory Judgment for Breach of Contract)**

15. OnePlus incorporates by reference and re-alleges Paragraphs 1-14 of its Counterclaims, as if fully set forth herein.

16. European Telecommunications Standards Institute ("ETSI") is a standard-setting organization ("SSO") responsible for setting standards in the field of, *inter alia*, information and communications. To facilitate its standard setting activity, ETSI promulgated an intellectual property rights ("IPR") policy, which is set forth in Annex 6 of its Rules of Procedure. Clause 4.1 of the IPR policy states that "each MEMBER shall use its reasonable endeavors, in particular during the development of a STANDARD or TECHNICAL SPECIFICATION where it participates, to inform ETSI of ESSENTIAL IPRs in a timely fashion." If a patent is essential, the member of ETSI must "give within three months an irrevocable undertaking in writing that it is prepared to grant irrevocable licenses on fair, reasonable and non-discriminatory ('FRAND') terms and conditions." IPR policy Clause 6.1. Furthermore, "FRAND licensing undertakings made pursuant to Clause 6 shall be interpreted as encumbrances that bind all successors-in-interest." IPR policy Clause 6.1bis. ETSI's bylaws provide that "[a]ny violation of the POLICY by a MEMBER shall be deemed to be a breach, by that MEMBER, of its obligations to ETSI." IPR policy § 14.

17. According to documents filed by the original assignee of the '614 patent (Nokia

Corporation) as well as any subsequent Nokia entities assigned to the '614 patent (collectively "Nokia"), Nokia was a member of ETSI at least at the time the '614 patent was filed and patented. For example, on Sep. 29, 2009, shortly before the filing date of the '614 patent (Dec. 17, 2009), Nokia filed an IPR declaration with ETSI, showing its involvement in the SSO. Furthermore, on June 2, 2014, shortly before the patenting date of the '614 patent (July 1, 2014), Nokia filed another IPR declaration with ETSI. On information and belief, Nokia was a participating member during the development of the purportedly patented technology and during the development of the ETSI TS 136 300 (3GPP 36.300) v 15.2.0, ETSI TS 136 321 (3GPP TS 36.321) v 15.2.0 (collectively "Relevant Standards"). At the very least, Nokia was a participating member when the application resulting in the '614 patent was filed and up until when and after the patent issued. In exchange for participation in the standard setting organization, Nokia agreed to be bound and was bound by the ETSI IPR policy, including the requirements to promptly disclose all patents it believed were standards essential and to offer to grant a license on fair, reasonable, and non-discriminatory terms and conditions.

18. WSOU is also contractually bound by the ETSI IPR Policy. WSOU is a successor-in-interest to Nokia's interest in the '614 patent. Additionally, in the Fourth Amendment to the Patent Purchase Agreement between Alcatel Lucent, Nokia Solutions and Networks BV, Nokia Solutions and Networks Oy, Nokia Technologies Oy, and WSOU, WSOU agreed that "the sale and assignment of the Assigned Patents shall be subject to […] all obligations arising out of any express or implied licensing obligations of standards body that related to the Assigned patents."

19. In Jan. 28, 2022 Infringement Contentions Cover Pleading and in Mar. 31, 2022 Infringement Contentions WSOU has affirmatively stated that the '614 patent is a Standard Essential Patent ("SEP"), under ETSI. WSOU claims that the '614 patent practices the Relevant

10

Standards. WSOU was and is obliged to promptly disclose the '614 patent and any other patents it believes may be standards essential as standards essential, and to offer a license to such patents on FRAND terms.

20. WSOU breached these contracts by filing this lawsuit without offering such a license on FRAND terms, claiming infringement based on these Relevant Standards, and seeking to enjoin OnePlus from practicing the Relevant Standards, notwithstanding that, to the extent any of the alleged inventions described in and allegedly covered by the SEP are used, manufactured, or sold by or for OnePlus, its suppliers, and/or its customers, OnePlus has the right to a FRAND license to the SEP by virtue of WSOU's and its predecessors-in-interest's FRAND commitments and OnePlus's acceptance thereof.

21. Additionally, as an independent breach of the contractual obligations to which it is bound, WSOU failed to timely disclose its allegedly essential patents in accordance with the requirements of the ETSI IPR Policy.

22. Additionally, as an independent breach of the contractual obligations to which it is bound, WSOU failed to offer OnePlus a license on FRAND terms.

23. On information and belief, WSOU's rights to assert the patent against OnePlus are further curtailed by other licensing agreements and/or covenants not to sue, which were breached by the pendency of this action.

24. OnePlus is an intended third-party beneficiary and obtains the benefits of WSOU's contractual commitments. It was material, indeed critical, to WSOU's contractual commitments that WSOU agree to convey FRAND licenses to all adopters of the Relevant Standards.

25. As the result of these multiple contractual breaches, OnePlus has been injured, including in its business or property. OnePlus has been forced to expend resources attempting to

resolve this licensing dispute, including defending claims against it for patent infringement before this Court, and has suffered or faces the threat of, in particular, increased costs, diminished quality or innovation, loss of profits, loss of customers and potential customers, loss of goodwill, business reputation, and product image, uncertainty in business planning, and uncertainty among customers and potential customers.

26. By this Counterclaim, OnePlus seeks a declaratory judgment that WSOU has breached its contractual obligations and that WSOU is required to offer OnePlus a license under FRAND terms.

27. A judicial declaration is necessary and appropriate at this time in order that OnePlus may ascertain its rights with respect to the '614 patent.

## PRAYER FOR RELIEF

Wherefore, OnePlus respectfully requests the following relief:

A. That WSOU's Complaint be dismissed with prejudice and that WSOU takes nothing by way of its Complaint;

B. That WSOU is not entitled to any of its requested relief, or any relief whatsoever;

C. Declaratory Judgment that all claims of the '614 patent are invalid;

D. Declaratory Judgment that OnePlus has not infringed any valid and enforceable claim of WSOU's asserted patent, literally or under the doctrine of equivalents, or under any subsection of 35 U.S.C. § 271.

E. Declaratory Judgment that WSOU is liable for breach of contract;

F. That this case be declared exceptional under 35 U.S.C. § 285 and that OnePlus be awarded its reasonable attorneys' fees in this action;

G. That OnePlus be awarded its costs and disbursements in this action; and

H. That OnePlus be granted such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, OnePlus demands a trial by jury as to all issues so triable.

Dated: April 20, 2022                              Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

 /s/ Elizabeth M. Chiaviello
Elizabeth M. Chiaviello
Texas Bar No. 24088913
elizabeth.chiaviello@morganlewis.com
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
T. 214-466-4000
F. 214-466-4001

Michael J. Lyons (admitted *pro hac vice*)
California Bar No. 202284
michael.lyons@morganlewis.com
Ahren C. Hsu-Hoffman
Texas Bar No. 24053269
ahren.hsu-hoffman@morganlewis.com
Jacob J.O. Minne (admitted *pro hac vice*)
California Bar No. 294570
jacob.minne@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
T. 650.843.4000
F. 650.843.4001

***Attorneys for Defendant and Counterclaimant OnePlus Technology (Shenzhen) Co., Ltd.***

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on April 20, 2022, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system per Local Rule CV-5, which will send a notification of electric filing to all counsel of record who have appeared in this case.

                                              */s/ Elizabeth M. Chiaviello*
                                              Elizabeth M. Chiaviello